FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHAWA MAX ESTRADA,<br><br>Defendant. | No. 1:23-CR-02037-SAB-3<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 55** |

On Thursday, June 29, 2023, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 55). Defendant was represented by court-appointed attorney Gregory Scott. Assistant United States Attorney Michael Murphy represented the United States.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 56), the Supplemental Pretrial Services Report (ECF No. 69), and the arguments of counsel.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§

ORDER - 1

3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of

ORDER - 2

the danger Defendant would present to the community if released.

As to the first and fourth factors, Defendant is charged with accessory after the fact to the crime of kidnapping resulting in death. Not only is this charge profoundly serious, but it indicates a willingness to obstruct justice. This, coupled with the nature of the underlying kidnapping, creates a clear danger to the community and therefore, these factors weigh in favor of detention.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). However, the Government did not offer evidence as to the strength of its case. Therefore, this factor weighs in favor of release.

As to the third factor, Defendant has significant ties to the community. However, his criminal record shows convictions for firearm offenses, eluding (which is still pending), making false statements, assault, and residential burglary. As well, there are concerns regarding untreated substances abuse issues and gang affiliation. Finally, and perhaps most significantly, Defendant has not presented an appropriate release address: his mother has stated that he may reside with her, but she is unwilling to remove all firearms from the residence, which is a non-starter for this Court. Therefore, this factor weighs in favor of detention.

The Court finds that the United States has not established by the required

ORDER - 3

preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required. However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 55**) is **GRANTED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in

ORDER - 4

conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

       4.     If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 5

Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

5. Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED.**

DATED June 30, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 6